UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ROSA REINOSO,

                         *Plaintiff*,

      -against-

HECTOR DELGADO, LINDA DELGADO, THE
DELGADO TRAVEL AGENCY, INC.,
JEANETTE DELGADO-SAVINO,
and CASA DE CAMBIO DELGADO, INC.,

                 *Defendants*.
------------------------------------------------------------X

**COMPLAINT**

**Plaintiff Requests Trial by Jury**

**ECF case**

**08 civ 5607**

Judge
Magistrate Judge

Plaintiff **ROSA REINOSO** ("Reinoso") alleges that:

### FIRST CLAIM
### (violation of the FLSA retaliation provisions)

1. Reinoso is a former employee of Delgado Travel Agency, Inc. ("Delgado Travel.")

*Jurisdiction and Venue*

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1343, supplemental jurisdiction over Reinoso's state law claim pursuant to 28 U.S.C. § 1367, and jurisdiction over Reinoso's FLSA claims pursuant to 29 U.S.C. § 216(b).

3. The venue of this action is properly placed in the Southern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because, upon information and belief, Casa de Cambio Delgado Inc. ("Casa de Cambio") and Delgado Travel are duly incorporated in New York and maintain numerous offices doing business in the Southern District of New York.

1

4.      This Court has jurisdiction over defendants because they conduct business in New York.

5.      Reinoso is a resident of Bronx County, New York.

6.      Reinoso worked for Delgado Travel as a cashier from in or about May 2000 through June 2007; Reinoso's supervisor reported at all times during Reinoso's employment to Linda Delgado ("Linda").

7.      Throughout her employment Delgado Travel, Reinoso worked at various Delgado Travel locations throughout the New York City Metropolitan area.

8.      Upon information and belief, Delgado Travel is a travel agency that currently employs in excess of two hundred people with offices in approximately 31 locations in the New York City Metropolitan area.

9.      Upon information and belief, Casa de Cambio is a subsidiary corporation of Delgado Travel located within the physical facilities of Delgado Travel and engaged in the business of money transfer services.

10.     Upon information and belief, Casa de Cambio's operations have been combined with Delgado Travel's operations, and all employees of both corporations are employed solely by Delgado Travel.

11.     The President and sole shareholder of Delgado Travel is Hector Delgado ("Delgado").

12.     The two Vice Presidents of Delgado Travel are Delgado's two daughters – Linda and Jeanette Delgado-Savino ("Jeanette").

13.     Upon information and belief, Delgado, Linda and Jeanette are all residents of New York State.

14. Upon information and belief, Delgado, Linda, and Jeanette are the directors of Delgado Travel.

15. As part of her job duties, Reinoso transferred money to various destinations, but mostly to South and Central America and Mexico; she also sent letters and packages via courier to Ecuador and oversaw Delgado Travel's telephone booth service.

16. At the end of each work day, Delgado Travel required Reinoso to account for all of the transactions she made, count the money she received for these transactions and prepare a report for the main office of all the transactions she conducted during each day.

17. Delgado Travel required Reinoso to give the money she received for transactions she conducted and the receipts from those transactions to the office manager to allow the office manager to recount and reconcile the amount of money against the receipts.

18. In or about January 15, 2007, Reinoso's Delgado Travel supervisor and other Delgado Travel officials accused her of being short $2,255 dollars on an end-of-day deposit, when compared to the amount indicated on her receipts (the "alleged $2,255 short.")

19. The amount of the alleged $2,255 short was much larger than Reinoso's monthly take-home pay of approximately $1,600.

20. On the day that the alleged $2,255 short was reported, Reinoso had reconciled the total amount of money with the amount indicated on the receipts, and no money was missing.

21. On the day the alleged $2,255 short was reported, Reinoso requested that her Delgado Travel supervisor, Carina Vacacela ("Vacacela"), re-count Reinoso's total deposits.

22. Vacacela confirmed that no money was missing.

23. Vacacela then told Reinoso that Vacacela was going to go to the bank to resolve the alleged $2,255 short issue.

24. Delgado Travel officials refused Reinoso's request that she accompany Vacacela to the bank.

25. Reinoso also requested that a Delgado Travel official call the police to investigate the alleged $2,255 short, but officials at Delgado Travel refused her request.

26. Upon information and belief, Delgado Travel did not conduct an investigation regarding the alleged $2,255 short.

27. Delgado Travel officials continued to assert that Reinoso was short $2,255, and Delgado Travel officials, including Vacacela and Isabel Chaparro ("Chaparro"), who worked in Delgado Travel's accounting department, harassed Reinoso by telling her she had to "repay" the alleged $2,255 short or she would lose her job.

28. Upon information and belief, Delgado Travel officials harassed Reinoso regarding the alleged $2,255 short upon the instructions of Delgado, Linda or Jeanette.

29. Shortly thereafter, on or about January 22, 2007, Reinoso paid Delgado Travel $2,200 in cash (the "$2,200 payment") so that she could continue to work at Delgado Travel because she had to support her children.

30. After Reinoso paid Delgado Travel the $2,200 payment towards "repayment" of the alleged $2,255 short, she requested that her supervisor re-count her money at the end of each day so that she could avoid any more "shorts," but Delgado Travel refused her request.

31. In or about February 4, 2007, Delgado Travel accused Reinoso of another short, this time for $20 (the "alleged $20 short.")

32. Reinoso did not have any shorts during her period of employment at Delgado Travel because whenever she reconciled her cash drawer with her receipts and she was short a

4

any amount of cash, she used her personal money to reconcile the potential short before she gave the cash drawer and receipts to the office manager.

33. Prior to January 2007, Reinoso had not even been accused of a single short.

34. Reinoso refused to pay Delgado Travel for the alleged $20 short.

35. Because Reinoso would not pay Delgado Travel the alleged $20 short, in or about March 2007, Delgado Travel officials falsely accused Reinoso of another alleged short, this time for $40 (the "alleged $40 short.")

36. Reinoso again refused to pay Delgado Travel for the alleged $40 short, and consequently, Delgado Travel officials, on the instructions of Delgado, Linda, or Jeanette, began harassing Reinoso, telling her that she had to pay or she would no longer have a job at Delgado Travel.

37. Delgado Travel officials also began to accuse Reinoso's coworkers, even her Delgado Travel supervisor, of alleged shorts ranging from $60 to $100 in an effort to harass Reinoso for refusing to pay the alleged $20 short and the alleged $40 short.

38. Reinoso felt desperate about being harassed repeatedly by Delgado Travel officials to pay money she did not owe, and as a consequence, she also suffered severe emotional distress, including frequent and extended crying spells .

39. Therefore, Reinoso filed a complaint with the New York Labor Department (the "Labor Department") against Delgado Travel for harassment, and for violating the NYLL by requiring her to pay for the alleged $2,255 short out of her pocket.

40. The Labor Department sent a notice of collection on behalf of Reinoso to Delgado Travel for the $2,200 that Reinoso "repaid" Delgado Travel in connection with the alleged $2,255 short.

41. Delgado Travel returned $2,200 to Reinoso in accordance with the Labor Department's demand.

42. Chaparro, acting on behalf of Delgado Travel and under the direction of Delgado, terminated Reinoso because she filed a complaint about Delgado Travel with the Labor Department.

43. Subsequent to Reinoso's termination, in or about June 22, 2007, Delgado Travel sued Reinoso in New York State Supreme Court (Queens County) for the alleged $2,255 short, which included the $2,200 that the Labor Department instructed Delgado Travel to return to Reinoso.

44. Delgado Travel and Casa de Cambio are "employer[s]" under the FLSA because they are corporations that employ individuals in an occupation, business, or service.

45. Delgado, Linda, and Jeanette are "employer[s]" under the FLSA, and are individually liable because they, individually or collectively, had the power to hire and fire employees, supervised and controlled the conditions of employment, and determined the rates and methods of payment.

46. By reason of the foregoing, defendants are in violation of the FLSA, 29 U.S.C. § 215 and Reinoso is entitled to the following remedies pursuant to the FLSA, 29 U.S.C. § 216(b):

   a. Reinstatement;

   b. Compensatory damages in the amount of approximately $36,000 plus approximately $3,000 per month for each month from the date of this complaint until the date of judgment, and liquidated damages in an equal amount;

   c. Punitive damages in the amount of approximately $250,000;

   d. Emotional distress damages in the amount of approximately $200,000;

   e. An injunction against Delgado Travel enjoining its existing law suit in the New York Supreme Court against Reinoso;

  f. Expenses incurred as part of this action, including costs and attorney's fees; and

  g. Such other and further relief as this Court deems just and equitable.

## SECOND CLAIM
### (violation of the NYLL retaliation provisions)

47. Plaintiff Reinoso repeats and realleges each and every allegation of paragraphs 1 through 43 as though fully set forth herein.

48. Delgado Travel and Casa de Cambio are "employer[s]" under the NYLL because they are corporations that employ individuals in an occupation, business, or service.

49. Delgado, Linda, and Jeanette are "employer[s]" under the NYLL, and are individually liable because they, individually or collectively, had the power to hire and fire employees, supervised and controlled the conditions of employment, and determined the rates and methods of payment.

50. In accordance with NYLL § 215, notice of this action has been served upon the New York State Attorney General.

51. By reason of the foregoing, defendants are in violation of NYLL § 193 and § 215, and Reinoso is entitled to the following remedies under NYLL § 215:

  a. Reinstatement;

  b. Compensatory damages in the amount of approximately $36,000 plus $3,000 per month from the date of this complaint until the date of judgment;

  c. Punitive damages in the amount of $250,000;

  d. Emotional distress damages in the amount of $200,000;

  e. An injunction against Delgado Travel enjoining its existing law suit in Queens County Supreme Court against Reinoso;

  f. Expenses incurred as part of this action, including costs and attorney's fees; and

g. Such other and further relief as this Court deems just and equitable.

## THIRD CLAIM
## (New York State common law fraud)

52. Plaintiff Reinoso repeats and realleges each and every allegation of paragraphs 1 through 43 as though fully set forth herein.

53. Delgado Travel defrauded Reinoso by knowingly and willfully falsely accusing her of the alleged $2,255 short, requiring her to pay Delgado Travel $2,200 in connection with the alleged $2,255 short, and suing her for the alleged $2,255 short.

54. Delgado Travel officials knew that Reinoso was not short $2,255 or any amount.

55. Delgado Travel officials attempted to defraud Reinoso on two other occasions when they knowingly and willfully falsely accused her of the alleged $20 short and the alleged $40 short.

56. Delgado Travel's fraud and attempted fraud against Reinoso was morally repugnant and also warrants an award of punitive damages as against public policy.

57. As a result, Reinoso is entitled to the following remedies under New York State common law:

a. Punitive damages in the amount of $250,000;

b. Expenses incurred as part of this action, including costs and attorney's fees; and

c. Such other and further relief as this Court deems just and equitable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Reinoso respectfully requests that this Court enter judgment against defendants for the relief set forth in paragraphs 46, 51 and 57.

June 20, 2008

 /s/ Peter G. Eikenberry_____
**PETER G. EIKENBERRY** (7257)
74 Trinity Place, Suite 1609
New York, New York 10006
(212) 385-1050

**MICHAEL A. FAILLACE**
MICHAEL FAILLACE & ASSOCIATES, P.C.
110 East 59th Street, 32nd Floor
New York, NY 10022
(212) 317-1200

*Attorneys for Plaintiff*